UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| NICHOLAS GREATHOUSE<br>4278 Franklin Street<br>Bellaire, OH 43906<br><br>*On Behalf of Himself and All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>W.D. WRIGHT CONTRACTING, INC.<br>1200 Sharon Road, Suite 1<br>Beaver, PA 15009<br><br>Defendant. | Case No. 2:23-cv-02078-DSC<br><br>Judge David S. Cercone<br><br>**AMENDED COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Nicholas Greathouse, by and through undersigned counsel, and for his Complaint against Defendant, W.D. Wright Contracting, Inc., states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This is also a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA").

## **JURISDICTION AND VENUE**

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant, as Defendant's principal place of business is in Pennsylvania.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in Beaver County, Pennsylvania, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## **PARTIES**

7. At all material times, Plaintiff is and was a citizen of the United States and a resident of Belmont County, Ohio, and worked for Defendant in Pennsylvania.

8. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and 43 P.S. § 333.103.

9. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. At all material times, Defendant was a corporation for profit headquartered in Beaver County, Pennsylvania. Defendant's registered principal address is 1200 Sharon Road, Suite 1, Bever, PA 15009.

11. At all At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and have both enjoyed yearly gross revenue in excess of $500,000.

13. Plaintiff's written consent to this action was filed with the Court on August 18, 2023 (*see* Doc. No. 1-2).

14. Written consents of existing Opt-In Plaintiffs were filed on August 23, 2023 (*see* Doc. Nos. 5-6 and 5-7).

15. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

16. Defendant provides temporary work zone operations including traffic control activities and flagging at worksites in various locations across the United States.

17. Defendant employs traffic controllers, including traffic control technicians (flaggers) and traffic control supervisors, whose job duties include providing temporary traffic control services at worksites, such as one-lane flagging operations or multi-lane road closures.

18. Defendant also employs traffic controllers to whom it assigns company vehicles (hereinafter "traffic controllers/drivers") who, in addition to providing temporary traffic control services at worksites, are also required to transport company vehicles (non-commercial vehicles weighing less than 10,000 pounds), company owned equipment, and other employees (traffic controllers who are not also drivers) to and from the worksites.

19. At all material times, Defendant owned and controlled the company vehicles it assigned to the traffic controllers/drivers.

20. At all material times, Defendant prohibited employees from driving personal vehicles to the worksites.

21. From approximately 2019 to approximately July or August 2021, Plaintiff was employed by Defendant as a traffic controller/driver out of Defendant's Washington, Pennsylvania office.

22. As a traffic controllers/driver, Plaintiff was assigned a company traffic control vehicle, and was required by Defendant to transport said vehicle, equipment owned by Defendant (flags, cones, signs, vests, and hardhats), and his assigned travel partners/co-workers (who were also Defendant's employees) to and from worksites.

23. Other similarly situated employees were employed by Defendant as traffic controllers/drivers and were required to transport Defendant's company vehicles, equipment, and other employees to and from worksites.

24. Specifically, prior to arriving to a worksite each day, Plaintiff and other traffic controllers/drivers were required to drive a company vehicle to the homes of their assigned partners/co-workers and/or a designated meeting location, where they would pick-up their assigned partners/co-workers, and then transport the co-workers (along with Defendant's vehicle and equipment) to the worksites.

25. Likewise, after leaving the worksite at the end of their shifts, Plaintiff and other traffic controllers/drivers were required by Defendant to transport their assigned partners/co-workers to the co-workers' home and/or the designated meeting location where they would drop-off their co-workers before driving the company vehicle home.

26. Plaintiff and other similarly situated traffic controllers/drivers were classified as non-exempt.

27. Plaintiff and other similarly situated traffic controllers/drivers were paid an hourly wage.

28. Plaintiff and other similarly situated traffic controllers/drivers regularly worked more than 40 hours per week.

### (Failure to Pay for all Hours Worked)

29. Defendant paid Plaintiff and other similarly situated employees only for work performed between the time they arrived at and left the worksite.

30. Defendant did not pay Plaintiff and other similarly situated traffic controllers/drivers for the work they performed prior to arriving to the worksite, including picking up co-workers from co-workers' homes and/or designated meeting locations, and transporting the co-workers, as well as Defendant's company vehicles and equipment, to the worksite.

31. Defendant also did not pay Plaintiff and other similarly situated employees for work performed after leaving the worksite, including transporting co-workers, along with Defendant's company vehicles and equipment, to the co-workers' homes and/or designated meeting locations to drop the co-workers off.

32. Defendant required Plaintiff and other similarly situated traffic controllers/drivers to perform this unpaid work each day.

33. The time spent picking up, dropping off, and transporting other employees of Defendant to and from the worksites added several hours each workweek. In fact, Plaintiff and other similarly situated traffic controllers/drivers frequently spent one (1) to three (3) hours or more in a single day transporting other employees of Defendant to and from the worksite.

34. Having to pick up, drop off, and transport other employees added additional drive time, and took Plaintiff and others similarly situated beyond their normal commute, when compared to a direct commute to a worksite.

35. The unpaid work constituted Plaintiff's and other similarly situated traffic controller/drivers' principal activities, and was an integral, intrinsic, and indispensable parts of their other principal activities, was required by Defendant, and was performed for Defendant's benefit. Defendant's traffic control operations could not be accomplished without transporting the necessary employees.

36. The time spent performing this unpaid work is/was compensable under the continuous workday rule because it was a principal activity that occurred between the commencement of the first principal activity and the completion of the last principal activity each workday of Plaintiff and others similarly situated.

37. The amount of time spent transporting co-workers, and the amount of unpaid wages, including overtime, is more than *de minimis*.

**(Failure to Pay Overtime Compensation)**

38. Plaintiff and other similarly situated traffic controllers/drivers regularly worked more than 40 hours each workweek.

39. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked in excess of 40 each workweek.

**(Failure to Keep Accurate Records)**

40. Upon information and belief, Defendant failed to make, keep, and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated traffic controllers/drivers employed by Defendant.

**(Defendant Willfully Violated the FLSA)**

41. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. §216(b), Plaintiff brings Count One of this action on his own behalf, and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current traffic controllers/drivers employed by Defendant W.D. Wright Contracting, Inc. during the three (3) year period prior to the filing of the Complaint in this action. ("the FLSA Collective Class")

44. At this time, Plaintiff are unable to state the exact size of the potential collective, but upon information and belief, aver that it consists of at least several hundreds of persons.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages earned, including overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

46. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of

7

those other employees and is acting on behalf of their interests as well as his own in bringing this action.

47. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## **PENNSLYVANIA CLASS ACTION ALLEGATIONS**

48. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Pennsylvania Class") defined as:

> All former and current traffic controllers/drivers employed by Defendant W.D. Wright Contracting, Inc. in the State of Pennsylvania during the three (3) year period prior to the filing of the Complaint in this action.

49. The Pennsylvania Class is so numerous that joinder of all class members is impracticable. Upon information and belief, the Pennsylvania Class consists of at least 100 individuals.

50. There are questions of law or fact common to the Pennsylvania Class, including but not limited to the following:

(a) whether Defendant failed to pay overtime compensation to its flaggers/drivers for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the Pennsylvania Class for Defendant's violations of the PMWA , 43 P.S. § 333.101, *et seq.*

51. The claims of Plaintiff are typical of the claims of other members of the Pennsylvania Class. Plaintiff's claims arise out of the same uniform course of conduct by

Defendant and are based on the same legal theories as the claims of the other Pennsylvania Class members.

52. Named Plaintiff Nicholas Greathouse will fairly and adequately protect the interests of the Pennsylvania Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Pennsylvania Class members. Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Pennsylvania Class in this case.

53. The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Pennsylvania Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Pennsylvania Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Pennsylvania Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

55. Plaintiff, on behalf of himself and the FLSA Collective Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to worksites and after leaving worksites violates the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

57. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

58. Defendant's practices and policies of not paying Plaintiff and others similarly situated for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

59. Defendant's failure to keep records of all the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

60. Defendant's actions and/or omissions were not in good faith.

61. By engaging in the above-described practices and policies, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

62. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO

**(Pennsylvania Minimum Wage Act)**

63. Plaintiff, on behalf of himself and the Pennsylvania Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to worksites and after leaving worksites violates the PMWA , 43 P.S. § 333.101, *et seq.*

65. Defendant's practices and policies of not paying Plaintiff and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the PMWA , 43 P.S. § 333.101, *et seq.*

66. Defendant's actions and/or omissions were not in good faith.

67. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the PMWA , 43 P.S. § 333.101, *et seq.*

68. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the PMWA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying the Pennsylvania Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D. Award Plaintiff and the classes he represents actual damages for unpaid wages;

E.      Award Plaintiff and the classes he represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the classes under the FLSA and the IWPA;

F.      Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

G.      Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

H.      Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

Respectfully submitted,

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (Ohio 0092942)
(*admitted pro hac vice*)
Anthony J. Lazzaro (Ohio 0077962)
(*admitted pro hac vice*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 15, 2023, the foregoing was filed electronically and served upon defendant via ECF Transmission of Notice of Electronic filing.

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (0092942)

One of Plaintiffs' Attorneys